#4  15BJ  IFP
Case 2:21-cv-00797-PLD   Document 2-1   Filed 06/17/21   Page 1 of 19
FILED
JUN 17 2021
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

IN THE UNITED STATES DISTRICT COURT
OF THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| William F. Kaetz | Civil Complaint |
| DOC# 195434 | Writ of Mandamus |
| Allegheny County Jail | Civil No: 2:21CV797 |
| 950 2nd Ave | Action Under: |
| Pittsburgh, PA 15219 | 42 U.S.C. §1983-1986 |
| V. | 28 U.S.C. §§ 2671-2680 |
| Bureau of Prisons / Federal Prison Bureau | 28 U.S.C. 1651(a) |
| United States of America | 28 U.S.C. §1361 |
| The Allegheny County Jail | 28 U.S.C. §§ 1346(b) |
| Orlando L Harper, Warden | 28 U.S.C. § 1331 |

I, William F. Kaetz, files this civil action against the Allegheny County Jail and it's Warden, Orlando L Harper, the Bureau of Prisons and the United States for denial and deprivation of First, Fifth, Eighth, and Fourteenth Amendment rights under the color of law and conspiracy to interfere with those rights.

The actions against the Allegheny County Jail (ACJ) are for an order under the All Writs Act, This Court has jurisdiction because ACJ is federally contracted as a federal agent to house federal detainees. The same applies to the Bureau of Prisons (BOP).

QUESTIONS

1. Should County Jails Provide Writ Rooms For Prisoners To Access The Courts Fairly And Equally And Meaningfully With The Same Tools As Their Oponants; A Computer With Law Library, Word Processing, Scan Print Copy Machine, Ink Paper; To Comply With Constitutional Rights Of Prisoners?

2. Should COVID-19 Vaccinated People And People With COVID-19 Antibodies Be Subjected To COVID-19 Quarantine And Lock Downs And Face Masks And Other Covid-19 Restrictions In Prisons And Jails?

3. Should Pre-Trial People Be Treated As A Convicted Prisoner And All Liberties Taken Away, Without A Jury Trial, And Locked Up With Convicts Because Of Political Views And Prejudices And Viewpoint And Content Discrimination Of Government Officials?

4. Does The Lack Of Tools To Access The Courts In Jails, Covid Restrictions On Non-Covid Dangerous People, And Convicting A Pretrial Person Violate The Civil Rights Of The Constitution?

## PARTIES

PLAINTIFF: William F. Kaetz, a pre-trial person that is being detained as a convict under extreme conditions at the Allegheny County Jail.

DEFENDANTS: The defendants work together; Bureau of Prisons, United States of America, The Allegheny County Jail, Orlando L Harper (Warden of the Allegheny County Jail, being sued in his personally) The defendants lack immunity because their actions are outside their offical duties and are failures to do official duties.

## REASON FOR WRITS

The power of this court is needed to uphold constitutional rights and fundamental fairness of prisoners and pre-trial people and correct the unfairness that seriously affects the fairness, integrity and public reputation of the judicial system.

2

## Jurisdiction

18 U.S.C. § 4042 imposes duties on the BOP to provide safekeeping, care and subsistance of all persons charged with an offense against the United States. The United State can be held liable under the Federal Torts Claims Act. The contract is under 18 U.S.C. § 4002. The Allegheny County Jail (ACJ) is the location where I am being held as a pretrial detainee of alleged federal offenses. Jurisdiction under 28 §§ 1331, 1346, 1651, 1361, 2671-2680.

## Count 1. Civil Rights Deprivation

I incorporate all the above in this Count. The ACJ facility is grossly inadequate in providing a fair and meaningful access to the courts and legal aid. Although I have an appointed counsel from the Court, he is not the ACJ's legal aid to prisoners. He is for the alleged offenses only. Access to the Courts includes Direct Appeals, Habeas Actions, and Civil Rights Claims, any meritous acts (Lewis v. Casey 518 U.S. 343). Reasonable access to the courts means the right of a prisoner to fairly and meaningfully prepare, serve, and file legal papers and prosecute legal actions affecting his personal liberty. (United States Ex Rel. Mayberry v. Prasse, 225 F. Supp 752 1963 U.S. Dist. LEXIS 6258 (E.D. PA. 1963 Dec. 4 1963) (See also Bounds v. Smith 430 U.S. 817)

I am my own jailhouse lawyer. Courts have asserted that uncontrolled discretion of prison officials in restricting the practice of the jailhouse lawyer is unconstitutional under <u>Johnson v. Avery</u>. This discretion, according to these courts, must be subject to established guidelines or standards in order to assure that they are reasonable. (See <u>Sostre v. McGinnis</u>, 442 F 2d 178 (2nd Cir 1971); <u>Carothers v. Follette</u> 314 F. Supp 1014 (S.D.N.Y. 1970); <u>Prewitt v. State ex rel. Eyman</u> 315 F. Supp 793 (D. Ariz. 1969); <u>Wolff v. McDonnell</u> 418 U.S. 539, 71 Ohio Op. 2d 336 (1974))

Another related issue is the validity of a rule that required all legal work to be conducted in a special writ room. The courts, both before and after <u>Johnson</u> ruling, have approved such rule. As long as prison officials were not unduly restrictive in the hours of use they permitted. (See <u>Novak v. Beto</u>, 320 F. Supp 1206 (S.D. Tex. 1970); <u>Brown v. South Carolina</u> 286 F. Supp 998 (D.S.C. 1968); <u>Ex parte Wilson</u>, 235 F. Supp 988 (E.D.S.C. 1964); <u>Corpus v. Estelle</u>, 409 F. Supp 1090 (S.D. Tex. 1975).

In order to comply with Constitutional standards prison officials must either allow Jailhouse Lawyers to practice or to implement an effective legal service program. The program must provide professional assistance sufficient to meet the needs of the prisoner population without undue delay. Furthermore it must provide assistance to any prisoner wishing to file Habeas Corpus, Civil Rights, or prose petitions. Emphasisis is placed upon the needs of the prisoners rather than those of the institution. In effect the court stated that where an irreconcilable conflict exists, the Prison officials, rather than the Prisoner, must must alter their practices (see Johnson v. Avery) Where their is no reasonable alternative a Jailhouse Lawyer must be permitted and Required to be conducted in a special writ room. This goes beyond Habeas Corpus Petitions and Involves a Corollary of Right to obtain some assistance in preparing his communication with the Court.

    I have requested assistance from the Allegheny County Jail through their tablet system. I have not recieved assistance.

5

I have asked the "CASEWORKERS" for assistance in preparing court documents, no answer. I have asked about using the law library. I was told it is the tablet. I asked for the actual room where computers are (it is in the orientation videos). I was again told it is the tablet. I asked to make copies, no answer. I ask the sergeants, the captains, the caseworkers, the warden, for access to word processing, copy and printing, any costs for materials, any type of assistance to form and prepare my communications with the court. No answer. I asked for the Bureau of Prisons address so I can petition them. No answer. The legal assistance at the Alegheny County Jail is non-existant and grossly inadequate. The tablet has Nexis Law Library application but prisoners only have 3 inch golf pencils and note pad to form and prepare court documents. Any appendix of copied documents and transcripts is impossible, and serving others with duplicates is impossible. The fairness and meaningful access to the courts does not exist at the Allegheny County Jail.

6

All my Jail Requests are documented and are in the Jail's Request App. on their Tablet. This Court has dealt with this before, This Court Held the Court had Jurisdiction under 28 U.S.C. §1361 over petition for Writ of Mandamus Filed By Federal Prisoner who was Being Held in County Jail; Prisoner Sought Access to Legal Materials Necessary to File 28 U.SC. § 2255 Motion; Jail was Federal Agency For Purposes of §1361 Because Federal Government Had Control over Jail's incarceration of Federal Prisoners Pursuant to Contract. Mitchell v. United States, 419 F. Supp 2d 709 2005 U.S. Dist. Lexis 29169 (W.D. Pa. 2005) In the Mitchell Case The Court Granted the Mandamus. The Similar Issues are in this Case. The Allegheny County Jail Does not Provide Adequate Materials and Resources to Fairly and Meaningfully Form and Prepare, Serve and File Legal Papers and prosecute Legal Actions Affecting My Personal Liberty. The ACJ Denied me Reasonable Access to the Courts, That is a Denial of My First Amendment Right to Access to the Courts. This is a Denial of a Civil Right under Color of Law.

7

I EXHAUSTED REMEDIES. ACJ'S OFFICERS AND EMPLOYEES FAILED TO ANSWER REQUESTS. I REQUESTED THE BUREAU OF PRISONS ADDRESS FROM ALL ACJ'S OFFICERS INCLUDING THE WARDEN'S OFFICE. THEY ALL FAILED TO ANSWER, I HAVE NO ALTERNATIVE BUT TO FILE GRIEVANCE WITH THIS COURT.

EVIDENCE OF A LAW LIBRARY ROOM IS IN ACJ'S ORIENTATION VIDEOS AND IN THE CASE OF INMATES AT ACJ V. WECHT 565 F. Supp 1278. THE ACJ REFUSES ME TO THE USE OF MATERIALS TO PROPERLY PREPARE AND PROSECUTE MY PENDING CASES AND THAT TO REFUSE ME THE USE OF MATERIALS IS A DENIAL OF MY RIGHT OF ACCESS TO THE COURTS AND THAT IS A DIRECT PREJUDICE TO ME IN THE PURSUIT OF LEGAL CLAIMS.

ACJ'S DENIAL OF MY RIGHT OF ACCESS TO THE COURTS HAS BEEN DETRIMENT TO MY PENDING CASES. I HAVE TWO APPEALS THAT NEEDED SUPPORTING LETTERS THAT WERE INTERRUPTED AND DECAYED AND WERE DONE IN GOLF PENCIL AND LACKED INFORMATION AND ATTACHMENTS BECAUSE OF ACJ'S REFUSAL TO PROVIDE ADEQUATE LEGAL SUPPORT. I LOST THE ABILITY TO RAISE MY VOICE IN THE COURTS.

8

## EIGHTH AMENDMENT VIOLATIONS

I incorporate all the above claims herein. I was vaccinated in March 2021 with the J+J Covid-19 vaccine. I am fully vaccinate and not a Covid-19 danger. However, the ACJ had this knowledge and still subjected me to quarantine 14 days 23 to 24 hour lock down in a cell with another state prisoner in a 105 sq ft cell that amounts to a ½ bathroom with bunks, no personal grooming, laundry, etc. This was unnecessary cruel and unusual punishment for a federal pretrial detainee (not convicted of a crime) and is vaccinated. What was the purpose?

I am now in a pod of all vaccinated convicts. I am still subjected to the quarantine style lock up and forced mask. I am locked in a cell 22-24 sometimes 48 hours a day. What is the purpose to do this to me and others - push Covid restrictions on all vaccinated people? It is cruel and unusual punishment.

These acts are punishment for no reason of discipline (<u>Elliot v. City of Union City</u> 25 F 3d 800) it is cruel and unusual punishment.

9

I AM A PRE-TRIAL DETAINEE HOUSED WITH STATE CONVICTED PRISONERS AND EXPERIENCE THE SAME CONDITIONS OF CONFINEMENT IN THE JAILS THAT ARE FORMALLY IMPOSED AS A SENTENCE OF A CRIME.

THE DEFENDANTS MADE INTENTIONAL DECISIONS WITH RESPECT TO THE CONDITIONS UNDER WHICH I AM CONFINED. THESE CONDITIONS PUT ME AT A SUBSTANTIAL RISK OF SUFFERING SERIOUS HARM. THE DEFENDANTS DID NOT TAKE REASONABLE AVAILABLE MEASURES TO ABATE THE RISK EVEN THOUGH A REASONABLE OFFICIAL IN THE CIRCUMSTANCES WOULD HAVE APPRECIATED THE HIGH DEGREE OF RISK INVOLVE MAKING THE CONSEQUENCES OF THE (UNUSUAL PRE-TRIAL CONFINEMENT) DEFENDANTS' CONDUCT OBVIOUS. BY NOT TAKING SUCH MEASURES THE DEFENDANTS CAUSED ME INJURIES. THE DEFENDANTS ACTED WITH A TOTAL DISREGARD TO MY DUE PROCESS RIGHTS AND SAFETY AND WELL BEING.

I AM OBJECTIVELY SUFFICIENTLY SERIOUSLY INCARCERATED UNDER CONDITIONS POSING A SUBSTANTIAL RISK OF SERIOUS HARM. THE DEFENDANTS EXPOSED ME, A PRE-TRIAL PERSON, TO A SUFFICIENTLY SUBSTANTIAL RISK OF SERIOUS DAMAGE TO HIS FUTURE HEALTH THAT CAN COME FROM MULTIPLE SOURCES.

THE EIGHTH AMENDMENT PROHIBITS ALL PUNISHMENT PHYSICAL AND MENTAL WHICH IS TOTALLY WITHOUT PENOLOGICAL JUSTIFICATION. SUCH BRUTALITY IS EQUIVALENT TO TORTURE AND IS OFFENSIVE TO ANY MODERN STANDARD OF HUMAN DIGNITY. MY PRE-TRIAL INCARCERATION IS WITHOUT PENOLOGICAL JUSTIFICATION AND IS CAUSING DETERIORATION OF MY MENTAL AND PHYSICAL HEALTH AND EMOTIONAL HEALTH. (SEE UNITED STATES V. BAILEY 444 U.S. 394)

FIFTH AND FOURTEENTH DUE PROCESS AND EQUAL PROTECTION VIOLATIONS

THE THIRD CIRCUIT HAS RECOGNISED THAT AT SOME POINT DUE PROCESS MAY REQUIRE RELEASE FROM DETENTION (UNITED STATES V. HOWARD, 2020 U.S. DIST. LEXIS 67400)(UNITED STATES V. ACCETTURO 783 F. 2d 382, 388 (3rd Cir 1986)) DUE PROCESS FACTORS OF THIS CASE IS THE LENGTH OF DETENTION DECISION THAT HAS IN FACT ACCURED IS 8 MONTHS. THE COMPLEXITY OF THE CASE IS SIMPLE, ITS A FIRST AMENDMENT CASE. THE GOVERNMENT ADDED NEEDLESSLY TO THE COMPLEXITY OF THE CASE. THEY HAD 8 MONTHS TO PREPARE FOR TRIAL AND PROVIDE DISCOVERY AND DID NOT DO IT UNTIL NOW AND CONTINUE

11

incarcerate me in lock down making my access to the Courts and Discovery and my attorney very complex and the A.C.J refuses legal assistants (word processing, copy, print, etc.)

My pretrial bail should only be denied as a last resort. Section F of the Bail Reform Act permits a detention hearing to be reopened before trial due to changed circumstances (18 U.S.C. § 3142(f) and 3142(c)(3)) I transferred 600 miles from Newark NJ to Pittsburgh PA, for a speedy trial and access to my attorney. The factor used to detain me was an alleged threat of bodily harm to one person in NJ. This was created with viewpoint and content discrimination of my First Amendment communications. I am 600 miles away now and there are conditions that release can be done that will solve all these violations in this action.

In Erika v. Garland, 2021 U.S. Dist. LEXIS 95,118, 2021 WL 1996775 (W.D.N.Y. 5/19/2021) the court explained: the more the conditions are like a penal institution the stronger the argument for a bond hearing. ACJ is a penal institution. My conditions are a penal institution condition.

12

FEIKA goes on to state: The Fifth Amendments' Due Process Clause forbids the Federal Government from depriving any person...of...liberty...without due process of law. (U.S. Const. Amend. V.) The Supreme Court held the Due Process Clause protects individuals against two types of government actions. (United States v. Salerno, 481 U.S. 739, 746 (1987) So-called substantive due process prevents the government from engaging in conduct that shocks the conscience... or interferes with rights implicit in the concept of ordered liberty. When government action depriving a person of life, liberty or property survives substantive due process scrutiny, it must still be implemented in a fair manner. This requirement has traditionally been referred to a procedural due process. Freedom from imprisonment - from government custody, detention, or other forms of physical restraint - lies at the heart of the liberty that clause protects (Zadvydas 533 U.S. at 690) Government detention violates that clause unless detention is ordered in a criminal proceeding with adequate procedural protections..., or, in certain special and narrow non-punitive circumstances...where a special

justification, such as harm-threatening mental illness, outweighs the individuals constitutionally protected interests in avoiding physical restraint, other than those unique special and narrow circumstances only a jury, acting on proof beyond a reasonable doubt may take a persons liberty. That promise stands as one of the Constitutions most vital protections against arbitrary government. (United States v. Haymond 139 S. Ct. 2369 2373 (2019)

In Koray v. Sizer 21 F.3d 558 1994 U.S. App Lexis 8454 (3rd Cir, PA, April 25 1994) the Court authorized pre-trial release to a halfway house, it is considered official detention under § 3585(b) and could be included as a condition of confinement as a condition of bail.

There is a due process requirement of fundamental fairness and equal protection principles that are embodied in Due Process clause of the Fifth Amendment and the Fourteenth Amendment. I am being treated with disparity. I am being politically prosecuted for being pro-Constitution and there is evidence of bias and discrimination, others with real threats to society have been given bail. My equal protection rights are deprived,

14.

Example is <u>United States v. Cachucha 278 F Supp 2d 1174 2011 U.S. Dist. Lexis 44015 (D.N.M. 2011)</u> Charges of Assault Resulting in Serious Bodily Injury 18 USC-§113 (a)(6) and 1153. The Defendant was Given Bail to a Halfway House.

I did not cause Bodily Injury, I communicated my viewpoint. I said "I'd rather use a Pen than a Sword"... The Judge wrote "...He is going to kill with a sword"... to keep me detained. That is Unequal Treatment and Content and Viewpoint Discrimination, all because I said "It's your duty to uphold the Constitution"... in a politically charged atmosphere between Conservatives and Democrates. I am being politically prosecuted unfairly and being deprived of my liberty in violation of Due Process of Law. This is evidenced in my case 2:21-cr-211-NR Detention Order of January 4, 2021 and in my Civil Complaint Case, <u>Kaetz v. Unknown Marshals et. Al.</u> Case No: 21-62, Amended Complaint.

The U.S. Supreme Court in <u>Palmore v. Sidoti 466 U.S. 429 (U.S. April 25, 1984)</u> Held that Public Officials sworn to uphold the Constitution may not avoid Constitutional Duty by

15

bowing down to the hypothetical effects of private racial prejudice that they assume to be both widely and deeply held (PALMER v. THOMPSON 403 U.S. 217, 260-261 (1971)(WHITE J DESSENDING))

In this case the defendants have failed to do their duty to uphold the Constitution and bowed down to private racial and political prejudices that are directed at me that are detriment to my rights, depriving my rights, and interfering with my rights under the color of law.

RELIEF

1. Order declaring defendants violated my civil rights; First Amendment - Access to the Courts; Due Process and Equal Protection, Fifth and Fourteenth Amendments; Eighth Amendment Cruel and Unusual Punishment.

2. A mandamus order upon the Allegheny County Jail to provide a writ room with computer stations with the Law Library, Word Processing Program, and Scan, Copy, Print capabilities, and paper and ink to give prisoners fair and equal and meaningful access to the courts.

3. A Mandamus Order For My Pretrial Release To A Halfway House Here In Pittsburgh PA To Restore My Liberties Under Conditions Of Bail That Will Correct The Civil Rights Violations And Prejudices And Relieve Attorney-Client Burdens That Exist Now In The ACJ.

4. A Mandamus Order To Stop The Covid Mandates And Restrictions And Lock Ups Of Vaccinated Prisoners And Prisoners Whom Had Covid And Have Antibodies At All Jails, Specifically ACJ.

5. Monetary Relief Of $2000.00 Per Day For Extreme Quarantine Conditions I Was Subjected To Plus $500.00 Per Day For The Stigma Of The Extreme Conditions I Am Being Subjected To For Covid-19 That I Have Been Vaccinated For, And The Convicted Like Treatment And Loss Of Liberty Without Being Convicted By A Jury Caused By Viewpoint And Content Discrimination And Political Prosecution By Defendants That Shocks The Conscience.

Certification

I CERTIFY/SWEAR UNDER PENALTY OF PERJURY THAT ALL STATEMENTS HEREIN ARE THE TRUTH TO THE BEST OF MY KNOWLEDGE AND BELIEF.

DATE: June 3, 2021    By: William F. Katz
                          William F. Katz
                          PLAINTIFF

June 11, 2021           [signature]